IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LLOYD DAVIS, § | |
| Plaintiff § | |
| § | CIVIL ACTION NO. |
| vs. § | |
| § | Jury Trial Demanded |
| PYRAMID FINANCIAL § | |
| SOLUTIONS, LLC AND TOM LANE § | |
| Defendant § | |

**ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**NATURE OF ACTION**

1. This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA"), the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA, DTPA, and TCPA and to have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1337.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff, Lloyd Davis ("Plaintiff"), is a natural person residing in Gregg County.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8. Defendant, Pyramid Financial Solutions, LLC d/b/a PFS ("PFS") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. Defendant, Tom Lane ("Lane") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

10. "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

11. Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see  Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

12. Pyramid Financial Solutions, LLC and Tom Lane ("Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

14. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

15. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

16. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

17.     Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

18.     Defendant placed no fewer than twenty-five (25) calls to Plaintiff's cellular telephone, and in each such instance, left a voicemail message in which Defendant failed to meaningfully disclose its identity and further failed to notify Plaintiff that the communication was from a debt collector. (15 U.S.C. §§ 1692d(6), 1692e(11), Tex Fin Code § 392.304(a)(4), 392.304(a)(5)(B)).

19.     Defendant placed no fewer than thirty-four (34) non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice, including, but not limited to, calls placed on:

June 12, 2010 2:14 @ P.M.; July 10, 2010 4:16 @ P.M.;

July 18, 2010 11:11 @ A.M.; July 19, 2010 7:59 @ P.M.;

July 23, 2010 12:34 @ P.M.; August 4, 2010 9:43 @ A.M.;

September 18, 2010 @ 11:38 A.M.; September 19, 2010 @ 8:33 A.M.;

September 21, 2010 @ 8:20 A.M.; November 17, 2010 @ 4:06 P.M.;

November 20, 2010 @ 11:07 A.M.; November 21, 2010 @ 8:56 A.M.;

November 26, 2010 @ 8:25 A.M.; November 27, 2010 @ 12:14 P.M.; November 28, 2010 @ 8:34 A.M.; December 7, 2010 @ 6:36 P.M.; December 15, 2010 @ 3:08 P.M.; December 17, 2010 @ 12:44 P.M.; January 26, 2011 @ 9:28 A.M.; January 27, 2011 @ 1:08 P.M.; January 28, 2011 @ 6:49 P.M.; January 29, 2011 @ 10:36 A.M.; January 31, 2011 @ 5:30 P.M.; February 3, 2011 @ 9:32 A.M.; February 4, 2011 @ 5:23 P.M.; February 5, 2011 @ 2:01 P.M.; February 6, 2011 @ 8:10 A.M.; February 8, 2011 @ 8:51 A.M.; February 9, 2011 @ 1:19 P.M.; February 10, 2011 @ 10:39 A.M.; February 14, 2011 @ 3:18 P.M.; February 16, 2011 @ 5:09 P.M.; February 17, 2011 @ 4:19 P.M.; February 18, 2011 @ 9:50 A.M.; (47 U.S.C. 227(b)(1)(A)(iii)).

20. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I—FDCPA
## DEFENDANT PFS

21. Plaintiff repeats and re-alleges each and every allegation contained above.

22. Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II—FDCPA
### DEFENDANT LANE

23. Plaintiff repeats and re-alleges each and every allegation contained above.

24. Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Defendant violated the FDCPA;

h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   l) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III—TDCPA
## DEFENDANT PFS

25. Plaintiff repeats and re-alleges each and every allegation above.

26. Defendant violated the Texas Debt Collection Practices Act in one or more of the following ways:

   a. Failing to disclose, except in a formal pleading made in connection with a legal action, that the communication is from a debt collector, where such communication was a written or oral communication between Defendant and Plaintiff subsequent to the initial communication (Tex Fin Code § 392.304(a)(5)(B))

   b. Failing to disclose clearly in any communication with Plaintiff the name of the person to whom the debt has been assigned or is owed when making a demand for money. (Tex Fin Code § 392.304(a)(4));

  c. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a) Adjudging that Defendant violated the TDCPA;

 b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

 c) Awarding Plaintiff actual damages pursuant to the TDCPA;

 d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

 e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

 f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV—TCPA
### DEFENDANT PFS

27. Plaintiff repeats and re-alleges each and every allegation above.

28. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT V—DTPA
## DEFENDANT PFS

29. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

30. A violation of the Texas Debt Collection Practices Act is a is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Tex. Fin. Code. Ann. § 392.404(a)

31. Defendant violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

b) Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002

(888) 595-9111 ext. 412
(866) 842-3303 (fax)

## **CERTIFICATE OF SERVICE**

I certify that on May 4th, 2011, I electronically filed the foregoing document with the clerk of the U.S. District Court, Eastern District of Texas, Tyler Division, using the electronic case filing system of the court.

                                               /s/ Dennis R. Kurz
                                               Dennis R. Kurz